THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Michael Cunningham, Appellant.
 
 
 

Appeal From Lancaster County
 Paul M. Burch, Circuit Court Judge

Unpublished Opinion No.  2005-UP-635
Heard December 7, 2005  Filed December 15, 2005

AFFIRMED 

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, Office of Appellate Defense, of Columbia, for Appellant. 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R. J. Shupe, Office of the Attorney General, all of Columbia; and Solicitor John R. Justice, of Chester, for Respondent.
 
 
 

PER CURIAM:  Michael Cunningham was convicted of first-degree burglary and sentenced to life imprisonment.  Cunningham appeals, contending the trial court erred in refusing to grant a mistrial after a police officer volunteered allegedly inadmissible material in response to cross-examination by defense counsel.  Although we find the officers comments clearly improper, we find the error harmless.  We affirm. 
1.       We disagree with the trial courts ruling to the extent that it could be viewed as condoning the polices officers remark on cross-examination.  Cunningham did not present a case, and never put his character at issue so as to open the door for purposes of Rule 404(a)(1), SCRE.  Furthermore, we find the officers gratuitous statement not responsive to the question, which called for only a yes or no answer.  
2.       Due to the overwhelming evidence of guilt in this case, however, we do not find reversible error in the trial courts denial of Cunninghams motion for a mistrial pursuant to the following authorities:  State v. Stanley, 365 S.C. 24, 33-34, 615 S.E.2d 455, 460 (Ct. App. 2005) (holding that a grant of a mistrial is a drastic action that should be exercised only when no other curative action could remove the prejudice claimed);  State v. Davis, 364 S.C. 364, 409, 613 S.E.2d 760, 784 (Ct. App. 2005) (Error is harmless where it could not reasonably have affected the result of the trial.).   
AFFIRMED. 
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.